IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>KUMA KUMA LLC,<br><br>    Defendant. | Case No. 22-cv-01386-CRB<br><br>**ORDER DISMISSING PLAINTIFF'S UNRUH ACT CLAIM AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

    Plaintiff Scott Johnson filed suit against Defendant Kuma Kuma LLC for failure to provide wheelchair-accessible inside and outside dining surfaces in violation of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"). Compl. (dkt. 1). After Johnson moved for default judgment, the Court ordered Johnson to show cause why it should not decline to exercise supplemental jurisdiction over his Unruh Act claim and why this case should not be dismissed for lack of Article III standing. Order to Show Cause ("OSC") (dkt. 25). Johnson has since responded. Pl.'s Br. (dkt. 28); Potter Decl. (dkt. 28-1); Johnson Decl. (dkt 28-2).

    For the reasons stated below, and finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), the Court declines to exercise supplemental jurisdiction and DISMISSES Johnson's Unruh Act claim sua sponte. The Court also VACATES the hearing set for December 9, 2022 and shall schedule an evidentiary hearing that will allow Johnson the opportunity to establish Article III standing concerning his ADA claim. Accordingly, Johnson's motion for default judgment is DENIED, without prejudice to move again on his ADA claim, should Johnson establish standing at the upcoming evidentiary hearing.

## I. BACKGROUND

### A. Facts

Johnson is a quadriplegic and ADA tester who uses a wheelchair.  Compl. ¶ 1; Johnson Decl. ¶¶ 2–3.  According to Johnson, he visited Hanabusa Café (owned by Kuma Kuma LLC) "in October 2021 and December 2021" and discovered that it did not have "wheelchair accessible inside and outside dining surfaces in conformance with the ADA Standards" due to "lack of sufficient knee or toe clearance."[1]  Compl. ¶¶ 8, 10, 12.  Johnson claims to have photographed his experience, and his counsel sent an investigator to the establishment to document the barriers he identified.  Johnson Decl. ¶ 6; Marquis Decl. (dkt. 22-5).  Johnson also allegedly plans to revisit Hanabusa Café after "it is represented to him that the Restaurant and its facilities are accessible" but is currently deterred from doing so.  Compl. ¶ 20; Johnson Decl. ¶ 9.  Johnson subsequently filed this suit against Kuma Kuma LLC under the ADA, 42 U.S.C. § 12101, et seq., and the Unruh Act, Cal. Civ. Code §§ 51–53.  Compl. ¶¶ 22–33.

### B. Procedural History

Johnson filed his complaint on March 3, 2022.  After Hanabusa Café failed to answer, Johnson moved for default judgment, seeking $4,000 in damages under the Unruh Act, $4,767 in attorneys' fees and costs, and an injunction under the ADA.  Mot. (22-1) at 13.  On October 20, 2022, the Court ordered Johnson to show cause why it should not decline to exercise supplemental jurisdiction over his Unruh Act claim in light of Ninth Circuit precedent,[2] and why it should not dismiss his ADA claim for lack of Article III standing.  OSC.  Johnson responded with a brief and declarations to substantiate his experience and intent to return.  See Pl.'s Br.; Potter Decl.; Johnson Decl.

---

[1] Johnson does not specify how many times he visited Hanabusa Café, but his declaration indicates that he went only once.  See Johnson Decl. ¶ 4 ("My claims in this case arise from my personal visit to Hanabusa Café"); but see Compl. ¶ 10 ("Unfortunately, on the dates of the plaintiff's visits . . ." (emphasis added)).
[2] See Arroyo v. Rosas, 19 F.4th 1202 (9th Cir. 2021); see also Vo v. Choi, 49 F.4th 1167 (9th Cir. 2022).

2

## II. DISCUSSION

Before deciding whether to grant default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). An entry of judgment lacking subject matter or personal jurisdiction is void. See id.

Because the Court declines subject matter jurisdiction over the Unruh claim and finds that Johnson has not clearly established Article III standing to bring the ADA claim, the analysis ends here.

### A. Supplemental Jurisdiction

After reviewing Johnson's response to the Court's order, the Court is unconvinced that it should exercise supplemental jurisdiction over his Unruh Act claim in this case.

Federal courts may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4). When a "high-frequency" litigant asserts a California Unruh Act claim in federal court with an ADA claim, it may constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim. See Arroyo, 19 F.4th at 1211–14; Vo, 49 F.4th at 1171–73. Such situations implicate strong federal–state comity concerns because "high-frequency" litigants can evade heightened California-law rules by filing Unruh Act claims with ADA claims in federal court. See Vo, 49 F.4th at 1171 (citing Arroyo, 19 F.4th at 1212–13). If a court finds that such circumstances exist, it must then show that balance of the "Gibbs values" of comity, fairness, judicial economy, and convenience provides "compelling reasons for declining jurisdiction" in each case. Id. (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)).

Johnson argues that the concerns in Arroyo are not applicable in this case because General Order 56, which governs ADA access cases in this District, functions like California's "high-frequency" litigant statute. Pl.'s Br. at 5–7. However, the Court is unconvinced. Johnson is a frequent filer of Unruh Act and ADA claims in federal court. See Johnson v. Constantia Cap. Ltd., 22-CV-01456-RS, 2022 WL 3925290, at *2 (N.D.

3

1  Cal. Aug. 30, 2022). And as other courts have held, General Order 56 does not "address
2  the particular concerns that motivated the California legislature to adopt heightened
3  pleading standards for 'high-frequency litigants.'" Id. (citing Garcia v. Maciel, 21-CV-
4  03743-JCS, 2022 WL 395316, at *4–5 (N.D. Cal. Feb. 9, 2022)). Thus, plaintiffs like
5  Johnson can still avoid state restrictions by filing Unruh Act claims in federal court. See
6  Johnson v. Shasta Corp., 20-CV-00703-HSG-RMI, 2022 WL 789018, at *6 (N.D. Cal.
7  Feb. 24, 2022), report and recommendation adopted, 20-CV-00703-HSG, 2022 WL
8  783969 (N.D. Cal. Mar. 14, 2022). As in Vo and Arroyo, the comity concerns in this case
9  present an exceptional circumstance under 28 U.S.C. § 1367(c)(4). See Vo, 49 F.4th at
10 1171 (citing Arroyo, 19 F.4th at 1212–13).

11 　　　　Johnson also argues that fairness, economy, and convenience disfavor declining
12 supplemental jurisdiction because litigating his claims in separate forums would duplicate
13 work, increase costs, and risk inconsistent results. See Pl.'s Br. at 3–5. However, fairness
14 favors declining jurisdiction because Johnson can pursue identical remedies in state court.
15 See Shasta, 2022 WL 789018, at *7. Judicial economy also supports declining
16 supplemental jurisdiction because, unlike the court in Arroyo, this Court has not waited
17 until a "very late stage" of litigation to do so. See 19 F.4th at 1214 (holding that the
18 district court abused its discretion in declining supplemental jurisdiction over the
19 plaintiff's Unruh Act claim after ruling on the ADA claim on summary judgment). As in
20 Vo, the Court has not reached the merits of Johnson's claims and therefore "sidesteps the
21 core concern articulated in Arroyo." See 49 F.4th at 1172. Finally, the comity concerns
22 mentioned above outweigh any loss of convenience the parties may face if Johnson refiles
23 his claim in state court. See, e.g., Maciel, 2022 WL 395316, at *5.[3]

---

[3] Johnson's references to Whitaker v. Reeder, No. 20-55358, 2022 WL 2115045 (9th Cir. June 13, 2022) and Lammey v. Plaza Segundo, LLC, No. 20-55070, 2022 WL 2128900 (9th Cir. June 14, 2022), are inapposite. In both cases, the district court decided the ADA claim on the merits, in the context of a bifurcated trial and default judgment, respectively. Because the Court does not grant summary judgment on Johnson's ADA claim in this order, see infra Section II.B, it would not be "a sheer waste of time and resources to require [the Unruh] claim to be refiled in state court." Arroyo, 19 F.4th at 1215.

After balancing the Gibbs values in this case, the Court finds that exceptional circumstances exist that justify declining supplemental jurisdiction over Johnson's Unruh Act claim.

### B. Article III Standing

Because Johnson has not clearly established that he in fact visited Hanabusa Café and has a genuine intent to return, the Court requires an evidentiary hearing to determine if Johnson has Article III standing to maintain his ADA claim.

To have Article III standing, a plaintiff must demonstrate (1) that they have suffered an injury in fact, (2) that their injury is fairly traceable to a defendant's conduct, and (3) that their injury would likely be redressed by a favorable decision. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992). In the ADA context, "encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes." Chapman v. Pier 1 Imps. (U.S.) Inc., 631 F.3d 939, 948 (9th Cir. 2011). Where, as here, a plaintiff seeks injunctive relief, they must also establish "either that [they are] deterred from returning to the facility or that [they] intend[] to return to the facility and [are] therefore likely to suffer repeated injury." See id. at 953. However, if a plaintiff is "indifferent to returning" or if their "intent to return is not genuine," Article III standing requirements are not met. See id.

As ordered by this Court, Johnson supplied declarations from himself and his counsel to substantiate his alleged visit to Hanabusa Café and his intent to return. Johnson Decl.; Potter Decl. However, substantial questions remain about the veracity of these jurisdictional claims. Regarding his initial visit to Hanabusa Café, Johnson largely repeats the information in his complaint, though he adds that he photographed his experience.[4] See Johnson Decl. ¶¶ 1–6. Johnson also states that he "sometimes travel[s] to the Bay Area" and intends to revisit Hanabusa Café at least once after the alleged barriers are

---

[4] Johnson attaches two photographs allegedly taken by him to the motion for default judgment. See dkt. 22-4. Only one photograph shows outside dining surfaces in the background, and neither photograph sheds light on whether Johnson personally encountered the barriers in the complaint. Compl. ¶ 16.

removed, but neither assertion sheds light on his likelihood to return to the establishment or the genuineness of his intent to return. See id. at ¶¶ 3, 9. Counsel's declaration is similarly unhelpful, as it vaguely describes the processes his firm uses to verify client visits and their intent to return, as opposed to providing details about this matter beyond speaking to Johnson. See generally Potter Decl. Although counsel hired an investigator to document Johnson's allegations in February 2022, this also does not establish that Johnson himself visited the establishment, encountered the barriers there, or has a genuine intent to return. See Potter Decl; Marquis Decl.

The Court requires more information before it can determine whether Johnson has Article III standing for his ADA claim, so it shall hold an evidentiary hearing on this topic.

## III.   CONCLUSION

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction and DISMISSES Johnson's Unruh Act claim sua sponte. The Court shall also schedule an in-person evidentiary hearing to allow Johnson to sufficiently demonstrate Article III standing as to his remaining ADA claim. At this time, the Court DENIES Johnson's motion for default judgment, without prejudice to a future motion should Johnson establish standing at the upcoming evidentiary hearing.

**IT IS SO ORDERED.**

Dated: December 5, 2022

CHARLES R. BREYER
United States District Judge